**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LUIS MANUEL BETANZOS ESPINOSA,

Petitioner

v.

JOHN MATTOS, et al.,

Respondents

Case No.: 2:26-cv-01902-APG-EJY

**Order Denying Amended Petition for Writ of Habeas Corpus**

[**ECF No. 6**]

Luis Manuel Betanzos Espinosa is a citizen of Mexico who is currently being detained by Immigration and Customs Enforcement (ICE). He entered the United States without inspection at an unknown time. ECF No. 7-3 at 3.

Betanzos Espinosa has an extensive criminal history. *Id.* at 4–5. In August 2025, he was arrested by the North Las Vegas Police Department for felony theft of property valued at $1,200 or more but less than $5,000 in violation of Nevada Revised Statutes (NRS) § 205.0835. *Id.* at 14. The following month, he entered a guilty plea in exchange for a reduced misdemeanor charge of possession/buying/receiving stolen property valued at less than $1,200.00 under NRS § 205.275. *Id.*

In April 2026, Betanzos Espinosa was transferred from the custody of the North Las Vegas Detention Center to ICE custody, where he has remained detained since. *Id.* at 3. The Department of Homeland Security charged him as removable under Immigration and Nationality Act § 212(a)(6)(A)(i), codified at 8 U.S.C. § 1182(a)(6)(A)(i). *Id.* at 5.

On June 5, 2026, an immigration judge (IJ) denied Betanzos Espinosa's request for a custody redetermination under 8 C.F.R. § 1236 because he had "been convicted of a theft

offense" and thus is "subject to mandatory custody" under the Laken Riley Act. ECF No. 7-2 at 2. Betanzos Espinosa's removal proceedings are ongoing. ECF Nos. 6 at 2; 7 at 3; 8 at 8.

Betanzos Espinosa did not appeal the June 2026 custody redetermination order to the Board of Immigration Appeals (BIA). ECF Nos. 6 at 2; 8 at 2. Instead, he filed a petition for a writ of habeas corpus that same month. ECF No. 1. He argues that the "Laken Riley Act's mandatory detention provision is unconstitutional as applied to [him] and violates his right to due process under the Fifth Amendment" because he pleaded guilty to "a single misdemeanor charge of Possession/Buy/Receive Stolen Property valued at less than $1200.00" in September 2025, which he claims "is not considered theft" under NRS § 205.275. ECF No. 6 at 4–5

The respondents address the merits of Betanzos Espinosa's claim but urge me to deny the petition on grounds that he has not exhausted his administrative remedies before the BIA. Betanzos Espinosa responds that exhaustion is not required and that prudential exhaustion should be waived because he would suffer irreparable harm by continuing to be "unlawfully detained" and that "requiring exhaustion would be futile." ECF No. 8 at 3–4.

## I. ANALYSIS

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). "[T]he writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Immigr. & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, my habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687

(2001). I possess "equitable discretion . . . . as law and justice require" for remedying unlawful detention in habeas petitions. *Brown v. Davenport*, 596 U.S. 118, 128, 134 (2022) (quotation omitted).

The Ninth Circuit has held that, in the absence of a statute explicitly requiring exhaustion of available administrative remedies, courts may require prudential exhaustion after weighing certain factors. Those factors are whether "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (quotation omitted). I "will not hear claims that have not been presented to the BIA simply because they have been labelled constitutional questions; [but I] will not require a petitioner to engage in the futile exercise of making a motion to reopen when the BIA lacks the jurisdiction to entertain the claim." *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995). I may also waive exhaustion if the petitioner demonstrates that the "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quotation omitted).

The *Puga* factors weigh in favor of requiring Betanzos Espinosa to exhaust his claims by filing an appeal to the BIA, and he has not made a showing that an appeal to the BIA would be futile or result in irreparable harm. Under the first factor, "an administrative appellate record is not necessary to resolve [ ] purely legal questions." *Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017). Betanzos Espinosa's claim that his conviction under NRS § 205.275 does not

constitute a theft crime under Nevada law is a purely legal question. Thus, this factor weighs against requiring prudential exhaustion.

The other two factors, however, weigh strongly in favor of requiring Betanzos Espinosa to exhaust his administrative remedies. I "generally will not consider a claim of error that the BIA has not first been given the opportunity to correct because to do so deprives [me] of the benefit of the agency's expertise[.]" *Ontiveros-Lopez v. Immigr. & Naturalization Serv.*, 213 F.3d 1121, 1124 (9th Cir. 2000). Betanzos Espinosa fails to explain why the BIA cannot evaluate the propriety of his mandatory detention under the Laken Riley Act and, if applicable, remedy his unconstitutional detention. The BIA possesses the authority to review whether a petitioner is properly detained under the Laken Riley Act and, if necessary, may issue a custody redetermination. 8 C.F.R. § 1003.19(h)(2)(ii) ("[W]ith respect to paragraphs (h)(2)(i)(D) . . ., nothing in this paragraph shall be construed as prohibiting an alien from seeking a determination by an immigration judge that the alien is not properly included within [that] paragraph[ ]." (simplified)). Relaxation of the exhaustion requirement would thus "encourage others to seek habeas review if they consider the federal courts to be a more sympathetic forum than the BIA." *See Castillo v. Blanche*, No. 2:26-CV-00928-APG-BNW, 2026 WL 2071063, at *2 (D. Nev. July 17, 2026).

Betanzos Espinosa has not otherwise demonstrated that an appeal to the BIA will be "inadequate or unavailing" because of futility or irreparable harm due to some "case-specific barrier to obtaining meaningful review." *See Pedro M.T.M. v. Chestnut*, No. 1:26-cv-06281-MWJS, 2026 WL 2524292, at *2 (E.D. Cal. Aug. 26, 2026). I will not waive exhaustion where, such as here, "the petitioner argues irreparable harm based only on an assumption that their detention is unlawful because that argument would apply to any petitioner who believed an IJ

made a legally erroneous ruling at a bond hearing." *See Castillo*, 2026 WL 2071063, at *3 (citing *Pleitez Castillo v. Mullin*, No. 2:26-cv-00777-APG-BNW, 2026 WL 1972424, at *7 (D. Nev. July 8, 2026)). Betanzos Espinosa also fails to explain why an appeal to the BIA would be futile in his case and offers no relevant case law to support his position. ECF No. 8 at 3–4. He relies on *Lamarre v. Bondi*, No. 2:26-cv-00584-ART-BNW, 2026 WL 1270516 (D. Nev. May 8, 2026), but that case does not move the ball in his favor. In *Lamarre*, the petitioner's "claim [was] that he was entitled to process before DHS could detain him" and thus could not "bring any pre-detention challenge to the loss of his liberty." *Id.* at *3 (emphasis omitted). The judge determined that "[n]o post-detention custodial hearing could fully address [his] complaint or award him sufficient relief." *Id.* at *3. Betanzos Espinosa's situation is materially different. He received an opportunity to be heard before an IJ and challenges that post-detention custody decision. This custody decision may be appealed to the BIA for additional review, which offers him sufficient relief. I therefore conclude that waiver of prudential exhaustion is not warranted.

## II. CONCLUSION

I THEREFORE ORDER that petitioner Luis Manuel Betanzos Espinosa's amended petition for Writ of Habeas Corpus **(ECF No. 6) is DENIED**.

I FURTHER ORDER the clerk of court to correct the spelling of petitioner's last name from Espinoza to Espinosa and to close this case.

DATED this 23rd day of October, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE